EPSTEIN BECKER GREEN

Attorneys at Law

Jeffrey H. Ruzal
t 212.351.3762
f 212.878.8600
jruzal@ebglaw.com

November 6, 2026

BY ECF

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

Re: *Anthony James v. 828 / 850 Madison Avenue Members' Club, Inc.*
Case No. 26 Civ. 5681

Dear Judge Abrams:

We are counsel for Defendant 828/850 Madison Avenue Member's Club, Inc. ("Maxime's" or "Defendant") in the above-referenced matter. We write, to respectfully request that the Court stay its Mediation Referral Order, dated September 10, 2026, pending resolution of Defendant's anticipated motion to dismiss the Second Amended Complaint.

Plaintiff Anthony James ("James" or "Plaintiff") initiated this proceeding with the EEOC on May 28, 2025. Over the following year, as the case was proceeding before the EEOC, the parties engaged in ongoing settlement discussions in an effort to reach an early resolution of this dispute. Those efforts were unsuccessful and the parties reached an impasse, which forced them to proceed with the administrative process before the Commission.

On or about April 9, 2026, the EEOC issued a Right to Sue letter to Claimant, and initiated the 90-day window for Plaintiff to initiate suit in federal court. Prior to Plaintiff's initiation of the instant action, the parties again attempted to break the impasse and engaged in good faith settlement negotiations. These efforts were again unsuccessful, as the parties maintain vastly different valuations for this dispute.

On July 4, 2026, Plaintiff filed the original Complaint in this case. Defendant moved to dismiss the Complaint in its entirety. This led to an Amended Complaint on September 22, and a Second Amended Complaint ("SAC") on October 27, 2026. Defendant's response to the SAC is currently due on November 10, 2026. As before, Defendant anticipates filing a fully dispositive motion to dismiss the SAC. Given the vague and conclusory allegations contained in the SAC,

which Plaintiff has already amended twice, and the parties' significant divide in valuation of this dispute, we do not believe that further settlement discussions would be productive at this time.

Plaintiff does not consent to this request to stay mediation pending resolution of Defendant's motion to dismiss. Notwithstanding the extensive negotiations the parties have already engaged in prior to Plaintiff's filing, and the enormous divide between the parties' respective positions, Plaintiff purportedly believes that "discussions can be productive even if they don't result in a resolution." This position is untenable. The parties have engaged in ongoing negotiations for over 1-year, but reached an impasse time and time again. Throughout this process, Maxime's has been forced to incur significant legal costs (both before the EEOC and in the present action) defending itself against frivolous allegations that cannot state a claim for relief as a matter of law. Accordingly, further discussions at this stage – prior to resolution of Defendant's fully dispositive motion to dismiss – are not only unlikely to reach a resolution, but the additional costs and burden will only drive the parties further apart.

For all of these reasons, Defendant respectfully requests that the Court stay its Mediation Referral Order pending resolution of Defendant's anticipated motion to dismiss the SAC.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Jeffrey Ruzal*___

Jeffrey Ruzal

If Plaintiff intends to respond to Defendant's motion, he shall do so by no later than November 16, 2026.

SO ORDERED.

Hon. Ronnie Abrams
November 9, 2026