UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY JAMES,

Plaintiff,

v.

828 / 850 MADISON AVENUE MEMBERS' CLUB, INC.,

Defendant.

26-CV-5681 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On July 4, 2026, Plaintiff Anthony James filed suit against Defendant 828 / 850 Madison Avenue Members' Club, Inc., alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. *See* Dkt. 1. On September 10, 2026, the Court referred this case to the Court-annexed Mediation Program for mediation. *See* Dkt. 10. Two months later, on November 6, 2026, Defendant moved to stay the mediation referral order pending resolution of its motion to dismiss. *See* Dkt. 18. Defendant argues that further settlement discussions would not be productive "[g]iven the vague and conclusory allegations contained in [Plaintiff's Second Amended Complaint]" and "the parties' significant divide in valuation of this dispute." *Id.* at 1–2.

"It is well settled that district courts have the power to stay proceedings." *Felberbaum v. LVNV Funding LLC*, No. 21-CV-09513, 2022 WL 493501, at *1 (S.D.N.Y. Feb. 17, 2022). When a request to stay is based on a pending dispositive motion, a court must consider the strength of that motion in deciding whether to grant the stay. *See id.* Having reviewed Defendant's motion to dismiss and accompanying memorandum of law, *see* Dkts. 20–21, the Court is not persuaded that Defendant has made a "strong showing that [Plaintiff's] claim is unmeritorious," *K.A. v. City*

*of New York*, No. 16-CV-4936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (quotation marks omitted). The Court thus denies Defendant's motion for a stay.

To survive a motion to dismiss "in an employment discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Plaintiff, who is black, alleges that he overheard Chef Gianluca Cusso, the Executive Corporate Chef for the restaurant at which Plaintiff was employed, tell another employee that he wanted to "get rid of all of the black pieces." Dkt. 17 ("SAC") ¶¶ 14, 18. Defendant terminated Plaintiff about one week later. *See id.* ¶ 19. Defendant asserts that Chef Cusso's statement is a "stray remark[]" and therefore "not indicative of improper animus." Dkt. 21 at 2. The Court is less sure. "In determining whether a comment is probative of discriminatory intent or merely a 'stray remark,' courts consider '(1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process).'" *Deitrick v. Inwood Farms, LLC*, No. 22-CV-9466, 2026 WL 879158, at *8 (S.D.N.Y. Mar. 31, 2026) (quoting *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010)). Plaintiff alleges that the remark was made by a supervisor with firing power, *see* SAC ¶ 16, and that it was made shortly before Plaintiff's firing, *id.* ¶ 19. The content of the remark also plausibly relates to termination. *See id.* ¶ 18 ("get rid of"). These factors all indicate that Chef Cusso's comment is probative of discriminatory intent.

Defendant also argues that the fact that Plaintiff was hired and fired by the same person,

Chef Pedro Da Rocha, "utterly refutes any possible claim of race-based animus in Plaintiff's termination." Dkt. 21 at 10. Not so. Defendant relies on the so-called "same actor inference," which posits that "where the same actor hires and fires an employee in a short time period, courts may draw an inference that the firing was not with discriminatory intent." *Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 329 (S.D.N.Y. 2020). But the Second Circuit has "not determined whether the same-actor inference, which [the Circuit] ha[s] applied in the context of age discrimination claims under the ADEA, should also apply to claims under Title VII." *Buon v. Spindler*, 65 F.4th 64, 84 (2d Cir. 2023). More importantly, the Circuit has made clear that the same-actor inference comes into play "at the summary judgment stage" and that the inference is "not similarly relevant at the motion-to-dismiss stage, when [courts] are primarily concerned with whether there is minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.* at 85 (vacating a district court decision that had relied on the same actor inference in dismissing a complaint).

In light of the foregoing, the Court cannot conclude that Defendant has made "a strong showing that [P]laintiff's claim[s] [are] unmeritorious." *Dance Theatre of Harlem, Inc. v. ChromaDiverse, Inc.*, No. 25-CV-2978, 2025 WL 2102297, at *3 (S.D.N.Y. July 26, 2025) (quotation marks omitted). Accordingly, Defendant's motion to stay the September 10, 2026 mediation referral order is denied. The Clerk of Court is respectfully directed to terminate the

motion pending at Docket Number 18 and the parties are instructed to participate in mediation in good faith.

SO ORDERED.

Dated: November 16, 2026
New York, New York

Ronnie Abrams
United States District Judge